UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 1:20-cr-20165

v.

                                          Honorable Thomas L. Ludington
ZACHARY FREDERICK SCOTT          United States District Judge
CUNNINGHAM,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE**

In June 2014, Defendant Zachary Frederick Scott Cunningham pleaded guilty to one count of possession of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). He was subsequently sentenced to 63 months of incarceration to be followed by a 15-year term of supervised release.

Defendant was released from prison in September 2018. In April 2024, having completed more than five years of his supervised-release term, Defendant filed a motion seeking to terminate his supervision, which neither the Government nor the Probation Department oppose. For the reasons explained below, Defendant's Motion will be granted, and his supervised release will be terminated.

**I.**

On March 2, 2014, Defendant Zachary Frederick Scott Cunningham—then 22 years old—disembarked a Bahamas Celebration cruise ship in Riviera Beach, Florida. PSR ¶ 4. U.S. Customs and Border Protection (CBP) Agents inspected all passengers and luggage leaving the cruise ship, including Defendant and his luggage. *Id.* Upon inspection, CBP agents discovered Defendant's

laptop, which contained at least three images and two videos of pre-pubescent children engaged in sexually explicit conduct. *Id.* ¶ 5. Defendant admitted to CBP agents that he downloaded the images and videos to his laptop and knew they were illegal child pornography. *Id.* ¶ 6.

CBP agents arrested Defendant and a Criminal Complaint was signed and sworn to before Magistrate Judge Dave Lee Brannon in the United States District Court for the Southern District of Florida. *See United States v. Cunningham*, 9:14-cr-80047 (March 3, 2014, S.D. Florida), ECF No. 1. Three months later, Defendant pleaded guilty to possession of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). *See United States v. Cunningham*, 9:14-cr-80047 (June 9, 2014, S.D. Florida), ECF No. 30. The statutory maximum sentence for Defendant's violative conduct was 20 years' imprisonment. *See* 18 U.S.C. § 2252(b)(2). Defendant had no criminal record, so his criminal history score was zero, and his total offense level was 26. PSR ¶¶ 10–22. Accordingly, the Probation Department noted that the Guidelines[1] suggested a term of 63–78 months' imprisonment to be followed by a minimum five-year term of supervised release. PSR ¶¶ 59–62. In August 2014, United States District Judge William J. Zloch sentenced Defendant to a term of 63 months' imprisonment, to be followed by 15 years of supervised release. ECF No. 1-1.

Defendant was released from prison and began his 15-year term of supervised release in September 2018. ECF No. 3 at PageID.23. Jurisdiction over Defendant was transferred to the Eastern District of Michigan on March 17, 2020. ECF No. 2.

On April 17, 2024, having successfully completed over five years of supervised release, Defendant, through his Attorney Jeffrey Rupp, filed a motion seeking early termination of his

---

[1] Although the United States Sentencing Guidelines are advisory, not mandatory, they "still exert a gravitational pull" during sentencing. *See* Paul J. Hofer, *Federal Sentencing After Booker*, 48 CRIME & JUST. 137, 152 (2019).

supervised release under 18 U.S.C. § 3583(e)(1). ECF No. 3. Attorney Rupp noted that before filing the Motion, he provided a copy to Defendant's Probation Officer and Government Counsel, neither of whom objected to the early termination of Defendant's supervised release. *Id.* at PageID.21.

Since his release from prison in September 2018, Defendant has complied with all conditions, completed sex-offender treatment therapy, maintained gainful employment, and—most notably—successfully started and operated his own animal-care business, Freedom Acres Ranch, Inc. ("Freedom Acres"). *Id.* at PageID.23. Freedom Acres, which was incorporated in Michigan in January 2019, provides mobile animal care and maintenance services to equine animals. *Id.* The business currently has ten employees, services "more than 4,500 clients in 15 states," *id.*, and is "one of only five specialist" providers that treats pot-bellied pigs, *id.* at PageID.25. To that end, Defendant's Probation Officer notes that Defendant's business is "limited" by Defendant's supervised-release conditions, one of which requires Defendant's out-of-state travel to be supervised by a third-party custodian. *See* Email from Eric Olmstead, Senior U.S. Prob. Officer, U.S. Prob. & Pretrial Servs., to Kelly Winslow, Case Manager, U.S. Dist. Ct. for the E. Dist. of Mich. (April 24, 2024, 9:22 PM EDT) (on file with author) [hereinafter "Olmstead Email"]. Indeed, some of Defendant's out-of-state trips have been cut short on occasions to "allow ongoing reporting to probation." *Id.* Defendant's Probation Officer concluded that "there is a high likelihood that [Defendant's] clientele will expand and [his] income will grow" if his supervised release is terminated early. *Id.*

## II.

A sentencing court may terminate a term of supervised release if "after considering the factors set forth in [18 U.S.C. §] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6),

and (a)(7)[,]" the court "is satisfied that such action is warranted by" the defendant's conduct and the interests of justice. 18 U.S.C. § 3583(e)(1).

The relevant 18 U.S.C. § 3553(a) factors are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
. . .
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
. . .
(4) the kinds of sentence and the sentencing range established for—
(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances—such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) (unpublished) (citing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). In other words, "early termination is not warranted as a matter of course." *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (citing *Lussier*, 352 F.3d at 36).

"[C]onsideration must be given to *all* the [relevant] § 3553(a) factors, even those that do not favor early termination." *United States v. Threet*, No. 1:09-CR-20523-5, 2023 WL 2201023, at *2 (E.D. Mich. Jan. 31, 2023). The movant must "make a compelling case as to why the . . . § 3553(a) analysis would be different if conducted today." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (presuming that a "district court's initial balancing of the § 3553(a) factors . . .

- 4 -

remains an accurate assessment as to whether those factors justify a sentence reduction"). Each relevant 18 U.S.C. § 3553(a) factor will be analyzed in turn.

### III.

### A.

The first factor to be considered is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

No one doubts the serious nature of Defendant's possession of child pornography. *United States v. Robinson*, 669 F.3d 767, 776 (6th Cir. 2012) (noting "[c]hild pornography is, without qualification, a serious crime"); *see also* Carissa Byrne Hessick, *Child Pornography Sentencing in the Sixth Circuit*, 41 U. DAYTON L. REV. 381, 407 (2016) ("The Sixth Circuit has expressed concern that district court judges are minimizing the seriousness of child pornography possession."); Francis S. Monterosso, *Protecting the Children: Challenges That Result in, and Consequences Resulting from, Inconsistent Prosecution of Child Pornography Cases in A Technical World*, 16 Rich. J.L. & Tech. 11 (2010) ("The acts of producing, viewing, and disseminating child pornography are considered incredibly evil and punishable in the eyes of society.")

But Defendant's history and current circumstances must be considered, as well. Defendant—who is currently 33 years old—has the full support of his family and community, as demonstrated by the six letters of support attached to his Motion. *See* ECF No. 3-1. After his release from prison, Defendant began a relationship with his now husband, and the two have been married since November 2021 and own a house together. ECF No. 3 at PageID.23; *see also* Olmstead Email. And, as noted by both Defendant's Attorney and Probation Officer, Defendant has found professional success in his operation of Freedom Acres, which requires frequent and

sometimes lengthy out-of-state travel to provide farrier services to equine animals. *See* Olmstead Email. In this way, the continued growth and success of Defendant's business depends, in part, on his ability to travel further distances for longer periods of time to provide his services to clients. *See id.*; *see also* ECF No. 3-1 at PageID.29 ("[Defendant] could do so much more if he wasn't restricted . . . He's always been compassionate when it comes to animals; rescuing them, even when he was a small child and he would like to expand his dream."). And—importantly—aside from the underlying offense, Defendant has no criminal record and has no history of substance abuse. ECF No. 3 at PageID.25.

In sum, Defendant's history and characteristics, considered with his Probation Officer's report that Defendant has fully complied with his supervised-release conditions and is capable of success "without assistance from probation oversight," suggest that an additional nine years of supervised release is not necessary. Olmstead Email. Thus, the first factor weighs in favor of early termination.

**B.**

The second factor concerns "the need for the sentence imposed" to (1) afford adequate general deterrence and protect the public from similar crimes; (2) afford adequate specific deterrence and protect the public from the defendant's crimes; and (3) provide the defendant with needed education, training, or treatment. *See* 18 U.S.C. § 3553(a)(2).

In cases like this, a criminal sentence is primarily intended to punish the offender and to deter other would-be offenders. *See United States v. Bistline*, 665 F.3d 758, 764 (6th Cir. 2012) ("Congress's long and repeated involvement in raising the offense levels for § 2G2.2 makes clear that the grounds of its action were not only empirical, but retributive—that they included not only deterrence, but punishment."). But the statute authorizing district courts to terminate a term of

supervised release plainly omits punishment—§ 3553(a)(2)(A)—from the list of statutory factors that courts may consider. *See* 18 U.S.C. § 3583(e) (noting relevant factors are set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)). So, "the task here is not to determine whether Defendant deserves additional punishment but whether he requires additional deterrence or correctional services." *United States v. Merrill*, 615 F. Supp. 3d 626, 630 (E.D. Mich. 2022). Given the totality of the circumstances, he seems to require neither.

Although this Court fully recognizes that "*general* deterrence is crucial in the child pornography context to protect the public by deterring the market for such products and activities," *United States v. Schrank*, 768 F. App'x 512, 515 (6th Cir. 2019) (emphasis added) (internal quotations omitted), this Court sees no *specific* deterrence rationale to justify over nine more years of supervision. Defendant has a supportive network of friends and family, no prior criminal history, and poses a low risk of recidivism in light of his successful completion of sex-offender treatment therapy and his "gainful employment" as a business owner. ECF No. 3. Notably, Defendant continues to attend counselling "on his own accord," Olmstead Email, and his therapist notes that Defendant is "motivated for change and continues to be invested in his therapy," ECF No. 3-1 at PageID.30. And Defendant's Probation Officer reports that Defendant's phones and laptop have been "continuously monitored" since 2018 and no "areas of concern" regarding minors or child pornography have been identified through such monitoring. Olmstead Email.

Thus, the second factor favors early termination of Defendant's supervised-release term. *See Merrill*, 615 F. Supp. 3d at 630 (terminating child pornography-possessing defendant's supervised release term, finding low risk of recidivism, when defendant completed sex-offender treatment programs, "adjusted well after custody," and continued to enjoy the support of family).

**C.**

The third factor is "the kinds of sentence and the sentencing range established for [Defendant's offense.]" 18 U.S.C. § 3553(a)(4).

The statutory minimum term of Defendant's supervised release is five years. *See* PSR ¶ 61; *accord* 18 U.S.C. § 3585(k). The Guidelines range for a term of supervised release for Defendant's offense is five years to life. *See* PSR ¶ 62.

Defendant has completed more than the statutory and Guidelines minimum term of supervised release. Accordingly, this factor weighs in favor of early termination.

**D.**

The fourth relevant factor considers "any pertinent policy statement" that is (1) "issued by the Sentencing Commission" and (2) "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5).

Neither the Probation Department nor the Parties have identified any pertinent policy statements by the Sentencing Commission. And this Court is unaware of any. Thus, the fourth factor is neutral.

**E.**

The fifth factor is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(6).

Although Defendant did not address this factor, the 69 months of supervised release he has successfully completed is within the ranges of the relevant statutes and the Sentencing Guidelines. PSR ¶¶ 61–62; *see also United States v. Jeter*, 721 F.3d 746, 757 (6th Cir. 2013) ("A sentence falling within the Guidelines range is presumptively reasonable; one falling outside the Guidelines range carries no such presumption.").

And this Court has granted motions for early termination of supervised release under similar circumstances. *See, e.g.*, *United States v. Berry*, 2024 WL 1887054 (E.D. Mich. Apr. 30, 2024) (terminating a five-year term of supervised release imposed on a defendant convicted of possessing almost 12,000 images and 225 videos of child pornography after he had completed 38 months of his term); United *States v. Merrill*, 615 F. Supp. 3d 626, 631 (E.D. Mich. 2022) (terminating five-year supervised release term imposed on defendant convicted of possessing child pornography when defendant completed 39 months); *United States v. Laszlo*, No. 2:16-cr-20501 (E.D. Mich. June 24, 2019), ECF No. 6 (terminating ten-year supervised release term imposed on defendant convicted of possessing child pornography when defendant completed 36 months); *c.f. United States v.* Laughton, 658 F. Supp. 3d 540, 546 (E.D. Mich. 2023) (denying motion for early termination of supervised release when doing so "would cut more than 70% of [drug-trafficking defendant's] 10-year statutory minimum" term).

Upon consideration of these and other cases, this Court finds that granting Defendant's Motion, ECF No. 3, would promote uniformity in sentencing. *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007) (noting that § 3553(a)(6) is concerned with "national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct"). Accordingly, the fifth factor weighs in favor of early termination.

### F.

The sixth and final factor is "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). But Defendant was not ordered to pay restitution, *see* ECF No.1-1, so this factor is neutral.

**G.**

In sum, with a score of 4–0–2, the relevant 18 U.S.C. § 3553(a) factors favor early termination. Accordingly, this Court finds that early termination of Defendant's supervised release is "warranted by [his] conduct ... and the interest of justice." 18 U.S.C. § 3583(a)(1). Defendant's Motion will be granted, and his supervised release will be terminated.

**IV.**

Accordingly, it is **ORDERED** that Defendant's Motion for Early Termination of Supervised Release, ECF No. 3, is **GRANTED**.

Further, it is **ORDERED** that Defendant's term of supervised release is **TERMINATED**.

Dated: May 10, 2024                    s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge